UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| DELMAR THORNTON, | ) |
| Plaintiff, | ) Case No. 2:05-cv-165 |
| v. | ) HON. ROBERT HOLMES BELL |
| NURSE MONROE, | ) |
| Defendant. | ) **OPINION** |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.   Factual Allegations

Plaintiff Delmar Thornton, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Nurse Monroe. Plaintiff alleges that on January 13, 2005, he was called out for an appointment with Defendant. During the appointment, Plaintiff asked if he could speak with Defendant confidentially, but was told that security staff was required to be present during the appointment. When Plaintiff questioned this, Defendant told the guards to return Plaintiff to his cell, claiming that Plaintiff refused his appointment. Plaintiff claims that Defendant's conduct violated his right to receive medical care and to confidentiality of his medical condition. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

As noted above, Plaintiff claims that Defendant's refusal to discuss his medical condition without security staff being present violated his constitutional rights. Plaintiff concedes that he is a segregation prisoner. According to the step II grievance response, which is attached to Plaintiff's complaint, policy requires that segregation prisoners be accompanied by security staff when they are being seen by health care staff. The grievance response further states that security staff that have access to patient health information during the performance of their duties are required to maintain confidentiality of that information. Therefore, it does not appear that there was any actual breach of confidentiality. However, even if confidential information was discussed in front of inappropriate prison officials, the Sixth Circuit has concluded that "the Constitution does not encompass a general right to nondisclosure of private information." *Doe v. Wigginton*, 21 F.3d 733, 739 (6th Cir. 1994). In addition, the Court has noted that prisoners do not have a constitutional right to confidentiality of their medical records. *Tokar v. Armontrout,* 97 F.3d 1078, 1084-85 (1996). Therefore, Plaintiff's complaint is properly dismissed.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

        This is a dismissal as described by 28 U.S.C. § 1915(g).

        A judgment consistent with this opinion will be entered.


Date:   August 15, 2005          /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        CHIEF UNITED STATES DISTRICT JUDGE